STATE ex Wadsworth v. ZANGERLE, Aud.

Ohio Appeals, 8th. Dist., Cuyahoga Co.

No. 8425. Decided May 7, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**885. PARKS & PARK COMMISSIONERS—1159. Taxes & Assessments—1104. Statutes—291. Constitutional Law.**

Statute creating board of park commissioners, particularly insofar as it authorizes levy of taxes, held valid and constitutional.

Appeal from Common Pleas.
Decree for defendant.

Geo. D. Hile and Snyder, Henry, Thomson, Ford & Seagrave, Cleveland, for State ex.

Edward C. Stanton, Pros. Atty., and Locher, Green & Woods, Cleveland, for Zangerle, Aud.

FULL TEXT.

RICHARDS, J.

This action was commenced for the purpose of enjoining the defendant, Zangerle, as county auditor, from paying certain orders or bills, and the Board of Park Commissioners of the Metropolitan Park District from issuing warrants and levying taxes and for further relief. The Common Pleas Court rendered a judgment and decree in favor of the defendants from which the plaintiff appeals.

The chief ground of complaint now made by the plaintiff is a claim that the statute creating the Board of Park Commissioners, particularly in so far as it authorizes the levying of taxes, is unconstitutional. General Code Section 2976-10 authorizes the Board of Park Commissioners to levy taxes upon all the taxable property of the district in an amount not exceeding one-tenth of one mill upon each dollar of the assessed value of the property in the district in any one year. The constitutionality of the statute relative to levying taxes has been argued at length.

The Supreme Court in the case of McNab, et al. v. Board of Park Commissioners, 108 Ohio St., 497, had before it for consideration the constitutionality of the very sections in-

volved in the instant case. In deciding the case the syllabus specifically holds that the various sections involved in the creation of the Board of Park Commissioners of the Cleveland Metropolitan Park District are not in conflict with any provision of the Constitution of Ohio. It is true, however, that the court was probably not considering the constitutionality of the taxing power of the Board, but the courts of Ohio have long been cognizant of the fact that the syllabus in the Supreme Court Reports now states the law of the case. In the conservancy district case, Miami County v. Dayton, 92 Ohio St., 215, the Supreme Court sustained the validity of the act which authorized an appointive board to levy assessments.

There appears to be much conflict of authority in various states as to the constitutionality of a statute authorizing non-elective boards to levy taxes, on the ground that such power can not be delegated to such boards. The constitutionality of such laws seems to be sustained by very respectable authority. We cite State v. West Duluth Land Co., 75 Minn., 456. In that case it was held that a statute which authorized the park board of the city of Duluth, an appointed body, to determine the amount of tax to be levied for park purposes, not exceeding one-tenth of one percent upon each dollar of taxable property, was constitutional. To the same effect is Wulf, et al v. City of Kansas City, et al., 77 Kansas, 358, where a similar statute was held constitutional. See also Minsinger, v. Rau, 236 Pa. St., 327, in which case stress was laid on the fact that the limitation of the tax to a maximum of not more than six mills and a minimum of not less than five mills, was practically a fixing of the tax by the legislature itself. In the case at bar the limitation is not to exceed one-tenth of one mill annually.

In view of what the Supreme Court has said in the syllabus in McNab v. Cleveland Park Board, cited supra, and of the other authorities cited, a decree will be entered for the defendants and the petition dismissed.

(Williams and Lloyd, JJ., concur.)